**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:15CV235-FDW-DSC**

| | |
|---|---|
| **DIANNA MAYFIELD,** )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>**CAROLYN W. COLVIN,** )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>Defendant. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #12), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; and that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

### I. PROCEDURAL HISTORY

On August 30, 2012, Plaintiff filed an application for Supplemental Security Income Benefits ("SSI") alleging that she became disabled on March 9, 2011, due to migraines, "fluid in eyes from stroke," and "heart problems" (Tr. 22, 61, 139, 161). The application was denied initially

1

and upon reconsideration. (Tr. 71, 84). Plaintiff requested a hearing which was held on April 11, 2014 (Tr. 32-59).

On May 12, 2014, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 22-30). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. (Tr. 24). The ALJ also found that Plaintiff suffered from morbid obesity and a history of cerebrovascular accident with residual visual field deficit in the left eye which were severe impairments, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 24-25). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform sedentary work[2] that did not require full visual field of the left eye or climbing ladders, ropes, or scaffolds and no more than occasional climbing of ramps or stairs; no more than occasional balancing, stooping, kneeling, crouching, or crawling; and no concentrated exposure to hazards. (Tr. 26–28).

The ALJ found that Plaintiff had no past relevant work. (Tr. 28).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. The ALJ heard testimony from a Vocational Expert ("V.E."). The ALJ instructed the V.E., "if you give us an opinion that conflicts with the [Dictionary of Occupational Titles ("DOT")] … you will advise of that conflict and the basis of your opinion." (Tr. 53). The V.E. did not identify any conflicts and the ALJ did not inquire further.

In response to a hypothetical, the V.E. identified jobs as sorter, assembler and either

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] Sedentary work involves lifting no more than ten pounds at a time and sitting most of the time, though occasional walking and standing may be required. 20 C.F.R. § 416.967(a).

2

"packer and sorter" or "packer, inserter" that Plaintiff could perform. The V.E.'s testimony concerning the third job is transcribed as "packer and sorter combination." (Tr. 54). The ALJ identified the job as "packer, inserter" (Tr. 29). The V.E. did not give a specific code from the DOT for any of the jobs he identified nor did the ALJ mention the DOT codes in his decision.

Based upon this testimony, the ALJ found that there were a significant number of jobs in the local and national economy that Plaintiff could perform. (Tr. 20). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

On August 12, 2015, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-6).

Plaintiff filed the present action on October 14, 2015. She assigns error to the ALJ's step five determination and contends that the ALJ failed to resolve apparent conflicts between the V.E.'s testimony and the DOT. Plaintiff's Brief at 4, 22-24 (document #10-1).

The parties' Motions are ripe for disposition.

## II. **STANDARD OF REVIEW**

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact,

3

if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] as that term of art is defined for Social Security purposes. Plaintiff contends that the ALJ erred in relying on the V.E.'s

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

testimony rather than resolving an apparent conflict between that testimony and the DOT.

In Colvin v Pearson, 810 F.3d 204, 209 (4th Cir. 2015), the Fourth Circuit held that since a Social Security Administrative hearing is non-adversarial, the ALJ has not fully developed the record if it contains any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify conflicts during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether the explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the VE's testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

The V.E. identified three jobs that Plaintiff could perform given her RFC, education, age and work experience. The V.E. did not cite the DOT codes for the jobs he identified. As noted above, there is an apparent conflict between the V.E.'s testimony about a "packer and sorter combination" (Tr. 54) and the "packer, inserter" job discussed by the ALJ. (Tr. 29). Plaintiff argues that the DOT has no "inserter" job at the sedentary exertional level. Defendant responds that there are two jobs with "inserter" in their description - "buckle-wire inserter," DOT # 734.687-034, 1991 WL 679954 (1991) and "lens inserter," DOT # 713.687-026, 1991 WL 679273.

Plaintiff contends that less than ten percent of the more than 300 jobs in the DOT with "assembler" in the description are sedentary. Similarly, less than twenty percent of DOT jobs

5

containing the description "sorter" are sedentary. The Defendant argues only that the V.E.'s qualifications were not challenged at the hearing.

The V.E. did not testify that he was relying on subsets of any of the identified jobs that were within the restrictions of the hypothetical. He also failed to cite the DOT codes or resolve the apparent conflicts. Accordingly, it was error for the ALJ to rely on the V.E.'s testimony in denying Plaintiff's claim. Pearson, 810 F.3d at 209; Radford, 734 F.3d at 296.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #12) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: June 10, 2016

David S. Cayer
United States Magistrate Judge